## Nye's Estate

*J. M. Sherwin* for accountant.

*Gunnison, Fish, Gifford & Chapin* for Otto C. Hitchcock, Sr., claimant.

*English, Quinn, Leemhuis & Tayntor* for Dr. G. C. Boughton, claimant.

WAITE, P. J., October 5, 1940.—The first and final account of J. M. Sherwin, executor of the estate, is before the court for audit and distribution. The total assets of

the estate amount to $1,157.93. Preferred claims, including taxes, administration and attorney fees, have been paid amounting to $159.63, leaving for distribution a balance of $998.10. The estate is insolvent. There are unpaid preferred claims including hospital bills, doctor bills, and medicines, but excluding rent charges, amounting to $368.18, leaving a balance of $629.92 for the payment of all other claims. The above-enumerated preferred claims amounting to $368.18 are allowed and should be first paid. There are also two claims for rent as follows: One of Dr. G. C. Boughton for rentals accuring in 1934 and 1935 amounting to $590, and one of Otto C. Hitchcock, Sr., for rentals upon the premises in which decedent was living at the time of his death, to wit, September 4, 1939, amounting to $636.25. Each of these rent claims is for slightly less than one year. Attached to the petition sur audit is a suggested schedule of distribution, in which the balance, after payment of the above-referred-to preferred claims, is proposed to be divided pro rata among the two above-specified rent claims. The matter is now before the court on exceptions taken on behalf of Otto C. Hitchcock, Sr., to the proposed distribution on the claim of Dr. G. C. Boughton as a preferred claim, on the ground that this claim arose several years before decedent's death, and that claimant was not the landlord of decedent at the time of his death and accordingly had no right to distrain for his rent.

The order of payment of the debts of a decedent is provided for in section 13 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, as follows:

"All debts owing by any person within this State at the time of his decease shall be paid by his executors or administrators, so far as they have assets, in the manner and order following; namely,—One, funeral expenses, medicine furnished and medical attendance given during the last illness of the decedent, and servants' wages, not exceeding one year; two, rents, not exceeding one year; three, all other debts, without regard to the quality

of the same, except debts due to the Commonwealth, which shall be last paid."

This is the identical language used in the Act of February 24, 1834, P. L. 73, sec. 21, which was founded on section 14 of the Act of April 19, 1794, 3 Sm. L. 143.

This is a controversy between respective rent claimants, both claiming a preference under the statute. There are no Pennsylvania cases directly in point with the question here involved. Some of the cases decided under the Act of 1834 seem to hold that the preference provided for as to the payment of rent is dependent upon the right of the landlord to distrain. See In re Kemp's Estate, 17 Pitts. 82, and In re McKim's Estate, 2 Clark 224. In Rinck's Estate, 49 Montg. 378, and Dawson's Estate, 18 Pitts. 63, a different conclusion is reached. In Hawkins Orphans' Court Principles and Practice, sec. 226, p. 213, written after the author's 38 years of experience as president judge of the Orphans' Court of Allegheny County and similarly, in Hunter's Pennsylvania Orphans' Court Commonplace Book, p. 307, it is said in section 9, subsec. (*e*), Rents: ". . . The preference given by the statute is in lieu of the right to distrain which is lost by death . . ."

A landlord has a right to distrain for rent at any time prior to decedent's death. After the death this right is gone. See Gandy, Admr., v. Dickson et al., 166 Pa. 422. In view of the conflict in the authorities above cited there may be doubt as to whether or not the right to distrain determines the landlord's preference, although that position seems to be sustained by the weight of the authorities, and it seems to us for the better reason. If Dr. G. C. Boughton had such right it expired four or five years preceding decedent's death. Otto C. Hitchcock, Sr., on the other hand, had the right of distress and might have exercised it up to the very moment preceding decedent's death. Not to do so was a humanitarian act, for which in justice and equity he ought not now to be penalized. We can see no sufficient reason why a rent claim that should have been paid several years before a decedent's

death should be preferred or stand in any better position than all other claims that are not preferred.

Under the above-quoted section of the Fiduciaries Act of 1917, supra, only such debts seem to be given preferences as concern decedent's person at and immediately before and after the time of his death. The preference for "medicine furnished and medical attendance" is limited to the period of decedent's last illness. In Hoskins v. Houston, 2 Clark 489, 496, Lewis, P. J., in delivering the opinion of the court, said:

"Besides, upon the death of the tenant, the Act of 19th April, 1794, as re-enacted on the 24th February, 1834, took away the preference which the landlord enjoyed in the lifetime of the tenant, and gave a preference to claims more imperative in their nature, because resting upon the foundations of necessity and humanity."

In our opinion, this language is applicable here. The exception is therefore sustained; the claim of Dr. G. C. Boughton is disallowed as a preferred claim and allowed as a general claim; the claim of Otto C. Hitchcock, Sr., is allowed as a preferred claim and distribution directed to be made in accordance herewith.